APRIL 29, 1802.

# Phillips Caldwell v. The Commonwealth.

*Upon an appeal from the decree of the General Court.*

So much of the act of 1799 as subjects the clerk of the general court, for delinquency in the payment of the public moneys which come to his hands, to such fines, penalties and damages as are imposed by law on delinquent sheriffs, is unconstitutional.

It is contended by the applicant's counsel that the act of 1799 is unconstitutional, because it deprives the appellant of the right of trial by jury, and imposes penalties, fines, and damages for a failure in performing duties prescribed by a law which did not annex any penalty, fine, or damage to the non-performance of those duties. The case of *Stidger* against *The Commonwealth*, decided in this court, is relied on to support this position; that case, the court is of opinion, is not parallel to the present as to the mode of trial, because that was a contract between *individuals*, the obligation of which could not be impaired by any legislative act, although the contract was respecting public property. This is the case of a public debtor, and, by the laws which were in force when the constitution was framed, and which was declared thereby to be in force until altered or abrogated by the legislature, the attorney general was authorized, on the statement of the auditor, to obtain.

9

judgments, by way of *motion*, against all public debtors and officers of every denomination indebted to the public. But the court is of opinion that so much of the act of 1799 as directs that the appellant shall be subject to such fines, penalties, interest, and damages as are imposed by law on delinquent sheriffs, is *unconstitutional,* and therefore so much of the judgment of the general court as gives damages and interest is erroneous. It is also contended that by the act of 1798 the commissioners were authorized to settle the account of their clerk, and, having done so, he is not amenable to any other tribunal. Without saying anything as to this principle, the objection is not tenable; for in no part of the law is the commissioners authorized to settle the accounts of the clerk, except for books and papers furnished by him, and therefore the account certified by them is not evidence as to anything farther. The auditor of public accounts was authorized by the act prescribing his duties to instruct the attorney-general to institute proceedings against the appellant, and the general court had jurisdiction thereof, independent of the act of 1799. The appellant also contends that he is not chargeable by law for the tax on certificates until they are delivered to the parties. This is also the opinion of the court, and for so many as he can produce and show to be remaining in his hands he ought to have credit. The judgment of the general court, for the foregoing reasons, is reversed, and the suit is to be remanded to the said court, with directions to enter up a judgment conformable to this opinion, which is ordered to be certified to the said court.